IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James E. Brown,                      :

    Plaintiff,                    :

  v.                                 :      Case No. 2:09-cv-1011

Michael J. Astrue,                   :      JUDGE SMITH
Commissioner of Social Security,
                                               :
    Defendant

ORDER

    This matter is before the Court to consider de novo the Commissioner's objections to a Report and Recommendation of the Magistrate Judge recommending that this case be remanded to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four. Plaintiff has not responded to the objections. Nevertheless, for the following reasons, those objections will be overruled and judgment will be entered for the plaintiff.

    As the Report and Recommendation indicates, plaintiff claimed disability based on, among other things, severe vision problems secondary to diabetic retinopathy. He testified to vision difficulties, including loss of his ability to read. At least one medical report also alluded to this problem. However, the Commissioner found that any vision impairment from which plaintiff may have suffered was not severe, and no limitations concerning plaintiff's vision were incorporated into the Commissioner's residual functional capacity determination. The Report and Recommendation concluded that it was not reasonable for the Commissioner to have concluded that plaintiff's vision problem was not severe at any time before the last insured date of December 31, 2006, and that the case should be remanded for further development of the record on this issue. It also concluded that the administrative decision's treatment of

plaintiff's obesity was less than optimal, and that the Commissioner should, on remand, take that condition into account in performing the residual capacity assessment.

In his objections, the Commissioner argues that there was no medical evidence supporting a finding of any vision limitations before December 31, 2006, and that the Report and Recommendation utilized an incorrect standard of review in determining that the Commissioner's finding on this issue was not supported by substantial evidence.  The Commissioner also argues that the administrative record clearly shows that the ALJ was fully aware of plaintiff's obesity and the law applicable to that condition, and that a more particularized recitation of how, if at all, plaintiff's obesity impacted his ability to do work-related activities was therefore unnecessary.

As to plaintiff's vision problems, the Report and Recommendation relied on a number of factors in determining that the Commissioner's conclusion that this was not a severe impairment at any time prior to December 31, 2006 was not reasonably supported by the record.  First, the record contains an opinion, which was part of the evidence presented to the ALJ, to the effect that plaintiff was legally blind.  Although that opinion was rendered almost two years after the last insured date, the Magistrate Judge reasoned that because diabetic retinal neuropathy is a progressive condition, it would not be reasonable to conclude that less than two years before being diagnosed as legally blind, plaintiff had no significant issues with his vision.  The record does indicate treatment for diabetic retinal neuropathy during the insured period, including the statement that the condition caused "complications." (Tr. 184).  The administrative decision did not specifically discuss any of this evidence, but, in the entire discussion devoted to whether this was a severe impairment, stated that "[t]he claimant was diagnosed with diabetic retinopathy, but there is no evidence

-2-

that this impairment would cause more than a minimal limitation in the claimant's ability to perform basic work activities prior to his date last insured."  (Tr. 19).

Rather than using an incorrect legal standard, the Report and Recommendation analyzed the issue in light of the "substantial evidence" standard recited in the Report and Recommendation, and concluded that a reasonable person could not, on this record and for the reasons cited by the Commissioner, conclude that plaintiff had no functional limitations from his retinal neuropathy prior to his last insured date.  Plaintiff's testimony corroborated the doctors' view that he had problems during that time period, and the Commissioner's objections concede that a VA hospital record from November 21, 2006 (Tr. 277-79) showed visual acuity in one eye as 20/100+ and as 20/400 in the other eye.  These facts are hardly consistent with the statement that the record contains "no evidence" of functional vision limitations before December 31, 2006.  Either the administrative decision failed to take this evidence into account (and, as noted, it makes no mention of any of these medical records in the brief discussion of whether this is a severe impairment), or it unreasonably chose to ignore it.  Consequently, there is no merit in this first objection.

Remanding the case on this ground largely moots the second issue, because on remand the Commissioner should review the evidence concerning obesity and articulate the way in which that evidence was taken into account, as required by SSR 02-01p.  The Commissioner's argument on this issue is that the failure to articulate compliance with this regulation is, at most, harmless error, but if it is error, there is no reason why the error should not be addressed on remand.  In any event, the Court is not entirely persuaded that the facts of this case resemble the facts of the cases cited by the Commissioner, such as Prochaska v. Barnhart, 454 F.3d 731 (7th Cir. 2006), where the failure of

an ALJ to articulate how the claimant's obesity was evaluated was excused because the ALJ clearly relied on medical reports which themselves took that condition and its limitations into account, or <u>Nejat v. Commissioner</u>, 2009 WL 4981686 (6th Cir. December 22, 2009), where there was scant evidence of obesity to begin with. Here, by contrast, the plaintiff, who is 5'10" tall, at one time weighed 360 pounds, and it is not at all clear that any examining physician factored his obesity into a discussion of functional limitations.  In any event, there is no reason for the Commissioner not to articulate the evaluation process spelled out in SSR 02-01p when reassessing the extent of plaintiff's visual limitations.

     For these reasons, the Commissioner's objections to the Report and Recommendation of the Magistrate Judge are OVERRULED, and the Report and Recommendation is ADOPTED.  The plaintiff's statement of errors is SUSTAINED, to the extent that this case is remanded to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four.  The Clerk is directed to enter a judgment to that effect.

                                             <u>/s/ George C. Smith         </u>
                                             George C. Smith
                                             United States District Judge