```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION


James E. Brown,                  :

        Plaintiff,               :

   v.                            :    Case No.  2:09-cv-1011

Michael J. Astrue,               :    JUDGE SMITH
Commissioner of Social Security,      MAGISTRATE JUDGE KEMP

        Defendant.               :
```

OPINION AND ORDER

On August 4, 2010, this Court entered an order adopting a Report and Recommendation of the Magistrate Judge and remanding the case to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four.  The primary purpose of that remand was to allow the Commissioner to explain how evidence of plaintiff's loss of visual acuity prior to his last insured date of December 31, 2006, should be factored into the Commissioner's finding about plaintiff's residual functional capacity.  The Court also suggested that the impact of plaintiff's obesity be more clearly explained, as mandated by Social Security Ruling 02-01p.

On September 2, 2010, plaintiff moved for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412.  Plaintiff sought an award of $3,453.59.  The Commissioner opposed that motion on September 17, 2010, and plaintiff filed a reply memorandum on September 23, 2010.  For the following reasons, the motion will be denied.

I.

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States

was substantially justified or that special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing party and is eligible to receive a fee award.  It must also document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified.  Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification.  See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984).  The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person."  Pierce, supra, at 565.  As

the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact. Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

II.

The evidence and the procedural history of this case are set forth in detail in the Report and Recommendation (#17) and will not be repeated here unnecessarily. Briefly, plaintiff testified at his administrative hearing to severe vision loss due to diabetic retinopathy, as well as other medical conditions. One of his six statements of error was that the Administrative Law Judge should have found his vision problem to be a severe impairment. In the Report and Recommendation, the Magistrate Judge concluded that the uncontradicted medical evidence showed that this was an impairment which plaintiff suffered from prior to December 31, 2006, and that it imposed more than minimal limitations on plaintiff's ability to perform work-related functions. That evidence, which the ALJ's decision did not discuss, included a statement from plaintiff's chiropractor that plaintiff had undergone surgery to correct vision problems; a record showing that plaintiff suffered from a vitreous hemorrhage in his left eye in 2005; and a note, made in 2008, indicating that plaintiff had had, in the past, both laser treatments and eye surgery. Taken together with plaintiff's testimony about ongoing vision problems, the Magistrate Judge concluded that

substantial evidence did not support the finding that this problem was not "severe" within the meaning of the applicable statute and regulations.  The Commissioner objected to this conclusion, but the Court overruled that objection, finding that, in addition to the evidence cited in the Report and Recommendation, records from the VA hospital also documented a severe vision problem in 2006.  Thus, a remand was needed either because "the administrative decision failed to take this evidence into account ... or it unreasonably chose to ignore it."  Order of August 4, 2010, Doc. #20, at 3.

### III.

Plaintiff's opening brief addresses the issue of substantial justification of the Commissioner's litigation position in a single sentence, and makes clear that the issue which plaintiff has challenged the Commissioner to defend is whether it was reasonable for the Commissioner to contest the order of remand based on the failure to find that plaintiff's vision impairment was severe.  The Commissioner's brief does so, pointing out, first, that, under Roanoke River Basin Ass's v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993), the Court should not focus on just the issue on which plaintiff prevailed, but the "totality of the circumstances" surrounding the government's litigation position; and, second, that the Commissioner had a reasonable basis for arguing that plaintiff did not have a severe visual impairment prior to December 31, 2006, even if the Court ultimately concluded otherwise.  Plaintiff counters, in his reply brief, that the Commissioner did not prevail on the majority of his arguments - rather, the Court did not reach a number of issues because the issue of vision impairment turned out to be dispositive - and that the Commissioner has simply reiterated his unsuccessful arguments about why plaintiff's vision impairment could legitimately have been deemed not to be severe, at least prior to December 31, 2006.

It is not a foregone conclusion that an award of fees under the EAJA depends upon whether the government's litigation position on each issue in the case, or the majority of its litigation positions, were reasonable, or whether the Court should confine its analysis to the issue on which the plaintiff prevailed. There do not appear to be any cases from this Circuit on that precise issue, and other courts have recognized some division of authority on this point. See, e.g., Sierra Club Northstar Chapter v. Kimbell, 640 F.Supp. 2d 1082 (D. Minn. 2009). However, the Court need not resolve that conflict here, because even if the Commissioner's position on just the vision impairment issue is analyzed, the Court concludes that the litigation position taken by the Commissioner was substantially justified.

It is true that the Court found the ALJ's decision to be deficient under the "substantial evidence" standard of review applicable to this type of case. It bears repeating, however, that this determination, standing alone, is not equivalent to a finding that the Commissioner's litigation position was not substantially justified. For example, in Jankovich v. Bowen, 868 F.2d 867, 870 (6th Cir. 1989), the Court of Appeals affirmed the denial of a petition for fees under the EAJA, stating that "while the Secretary's position was not supported by substantial evidence, it was grounded in a reasonable belief in fact and law that [the claimant] is not disabled." That statement applies equally to this case.

The issue raised by plaintiff's statement of error concerning his vision problem was primarily a factual one. To resolve it, the Court had to review medical records which were, at best, less than ideal on the issue of functional limitations. Of course, the relative sparseness of the record did not relieve the ALJ of the duty to examine each of these reports objectively and to reach a fair conclusion about whether a vision impairment

both existed and caused more than minimal disruption to plaintiff's visual ability prior to December 31, 2006, and it was the failure to review these records thoroughly and to articulate some basis for finding them lacking which led to the order of remand.  However, the Commissioner did have a reasonable factual argument to make on this issue, and also a reasonable legal argument, namely that even if the administrative decision was short on discussion or reasoning, any error was harmless because the records do not, in fact, document a specific level of impairment prior to December 31, 2006.  Ultimately, the Court rejected these arguments, finding that the records reasonably led to only one factual conclusion - that the impairment about which plaintiff testified both existed and caused him some significant problems before his insured status expired.  However, the Court's rejection of the Commissioner's argument was not based on the fact that the argument was unreasonable, but on the fact that it was not, ultimately, as persuasive as plaintiff's argument to the contrary.  Because that is not enough to justify an award of fees under the EAJA, the Court will deny plaintiff's motion for such fees.

IV.

For all of the reasons cited above, the Court finds that the Commissioner's litigation position in this case was substantially justified.  That being so, plaintiff's motion for an award of fees under the Equal Access to Justice Act (#22) is **DENIED.**

**IT IS SO ORDERED.**

/s/ George C.Smith  
**GEORGE C. SMITH, JUDGE**  
**UNITED STATES DISTRICT COURT**